**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MARLBORO TOWNSHIP BOARD OF EDUCATION,| |
| Plaintiff, | Civil Action No. 18-12053 (MAS) (TJB) |
| v. | **MEMORANDUM OPINION** |
| H.L. and J.L. O/B/O V.L., | |
| Defendants. | |

**SHIPP, District Judge**

This matter comes before the Court upon Defendants' H.L. and J.L. ("Defendants") Motion to Dismiss. (Mot. to Dismiss, ECF No. 6.) Marlboro Township Board of Education ("MTBE") opposed (ECF No. 7), and Defendants replied (ECF No. 8). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, Defendants' Motion to Dismiss is granted.

**I.   BACKGROUND**

Defendants are the parents of V.L., who, at the time of filing the Complaint, was a fifteen-year-old girl. (Compl. ¶ 2, ECF No. 1.) V.L. attended first through seventh grades in the Marlboro Township Public Schools, then transferred to the Lewis School, a private school, for the 2015-2016 school year. (*Id.* ¶¶ 3-5.) At the end of first grade, V.L. was eligible for special

education and related services under the Individuals with Disabilities Education Act ("IDEA"), and remained eligible through the end of seventh grade. (*Id.* ¶¶ 7-10.)

After MTBE conducted a reevaluation during the seventh grade, Defendants and MTBE reached an agreement that independent evaluations would be provided at MTBE's expense. (*Id.* ¶¶ 12-14.) MTBE prepared an individualized education program ("IEP") for the eighth grade, which Defendants did not challenge. (*Id.* ¶¶ 15-16.) After seventh grade and before eighth grade began, Defendants requested that MTBE send V.L.'s records to the Lewis School for consideration as a candidate for admission. (*Id.* ¶ 19.) The Director of Special Services for MTBE denied Defendants' request because the Lewis School was not an in-district placement, as required by V.L.'s IEP. (*Id.* ¶ 20.) Defendants received the records by requesting the documents be sent directly to them. (*Id.* ¶¶ 21-22.) After receiving V.L.'s records, Defendants subsequently applied, on V.L.'s behalf, to the Lewis School, signed a contract for the 2015-2016 school year, paid tuition, and hired an attorney to pursue an action with the Office of Administrative Law ("OAL"). (*Id.* ¶ 23.)

On April 12, 2016, Defendants filed a Due Process Petition with the OAL seeking reimbursement from MTBE for their placement of V.L. in the Lewis School for the 2015-2016 academic year. *H.L. and J.L. o/b/o V.L. v. Marlboro Twp. Bd. of Educ.*, No. 16-9324, 2017 WL 5463347, at *4 (D.N.J. Nov. 14, 2017). On November 28, 2016, the Administrative Law Judge ("ALJ"), as part of the OAL, granted MTBE's Motion for Summary Decision, finding that Defendants did not act reasonably under the circumstances. (*See* Compl., Ex. G, ECF No. 1-7.) The ALJ found that MTBE was not required to reimburse Defendants because: 1) V.L. was unilaterally placed in the Lewis School; and 2) Defendants failed to provide MTBE adequate notice of the Lewis School placement. (*Id.*) Defendants appealed the ALJ's decision to the District

Court of New Jersey, and the appeal was assigned to the Honorable Freda Wolfson, U.S.D.J. *See H.L. and J.L.*, 2017 WL 5463447.

Judge Wolfson's November 14, 2017 decision indicated that she agreed with the ALJ that Defendants failed to give MTBE timely notice of V.L.'s placement at the Lewis School. *Id.* at *1. Judge Wolfson also found the ALJ granted summary decision without considering a reduction in the cost of reimbursement, and he considered no alternatives and offered no explanations for his reasoning. *Id.* at *8. Because the ALJ did not explain his findings, Judge Wolfson found she could not properly review the case and remanded the matter to the ALJ and required an expansion of the analysis. *Id.* at *9. Judge Wolfson noted, "On remand, the ALJ should consider whether, in light of [Defendants'] failure to timely notify [MTBE] of their intent to enroll V.L. at the Lewis School . . . the equities presented . . . warrant a wholesale denial of [Defendants'] claims for reimbursement, as opposed to a reduction . . . ." *Id.*

On remand, MTBE renewed its Motion to Dismiss Defendants' due process petition. On July 19, 2018, the ALJ denied MTBE's Motion. (Defs.' Moving Br. 4, ECF No. 6-1.) The ALJ "further ordered that all issues in the due process petition shall be considered, except programming, placement and IEP development for V.L. as she is no longer a student of Marlboro Township." (July Order 4, Ex. L, ECF No. 1-13.) A due process hearing was scheduled for August 6, 2018, but the hearing was adjourned twelve days prior to the scheduled hearing, after MTBE filed the complaint in the instant matter. (Defs.' Moving Br. 4.)

## II. THE PARTIES' POSITIONS

MTBE's Complaint primarily raises two issues: 1) the ALJ erred in denying MTBE's Motion to Dismiss; and 2) the ALJ erred in considering issues beyond those remanded by Judge Wolfson. (Compl. ¶¶ 54, 67-70.) MTBE alleges that Defendants failed to participate in any efforts

3

to resolve the disputes, as required by the IDEA due process hearing statute, and the matter should be dismissed. (*Id.* ¶¶ 48-53 (citing 20 U.S.C. § 1415).) MTBE alleges that the ALJ erred as a matter of law when denying MTBE's motion to dismiss and the ALJ's decision was arbitrary, capricious, unreasonable, and prejudicial. (*Id.* ¶¶ 54-58.)

### A. Motion to Dismiss

Defendants' Motion to Dismiss advances two arguments: 1) the Court lacks jurisdiction to hear an interlocutory appeal; and 2) MTBE's claims should be dismissed due to the entire controversy doctrine, res judicata, estoppel, waiver, and laches. (*See generally* Defs.' Moving Br.)

Defendants argue that the Court does not have jurisdiction over the instant appeal.[1] (*Id.* at 6-11.) Defendants aver that a district court may grant leave to take interlocutory appeals, but those are exceptional cases and the burden to show those exceptional circumstances rests on the moving party. (*Id.* at 7.) Defendants further argue that the Court cannot review the appeal because the ALJ has not made a full and final determination of the due process claims, and MTBE did not meet its burden to establish that the Court has jurisdiction. (*Id.* at 8.)

### B. Opposition and Reply Briefs

In its opposition to Defendants' Motion to Dismiss, MTBE argues that the IDEA confers jurisdiction on the district court, therefore, the Court has subject matter jurisdiction. (MTBE Opp'n Br. 5, ECF No. 7.)

MTBE argues that the instant appeal relates to the ALJ's interlocutory decision. (*Id.* at 6.) MTBE asserts that the ALJ denied MTBE's motion on the basis that there are material issues of fact regarding Defendants' participation in the IEP process. (*Id.* at 8.) MTBE argues that

---

[1] While Defendants argue that the Court lacks jurisdiction to hear MTBE's Complaint, they cite the legal standard for a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

4

Defendants' failure to participate in the resolution session was grounds for dismissal of Defendants' due process petition and the ALJ declined to dismiss on these grounds. (*Id.* at 7-8 (citing 34 C.F.R. § 300.510(b)(4)).)[2] MTBE further argues that by moving to dismiss due to Defendants' lack of participation in the mandatory resolution process and the ALJ's denial of that motion, MTBE has exhausted all administrative remedies available, and the Court, therefore, has jurisdiction pursuant to 20 U.S.C. § 1415(i)(2)(A). (*Id.* at 8-9.)

MTBE argues that even if it had not shown it had exhausted the administrative remedies, it is not required to establish exhaustion because two of the exhaustion exceptions apply. (*Id.* at 9-11.) MTBE avers that the due process hearing is futile and could reward Defendants for refusing to initially participate in the mandatory resolution process. (*Id.*) MTBE further argues that the issue is purely a legal question and there is no question of fact on the narrow issue of whether Defendants are entitled to a due process hearing after they refused to participate in a mandatory resolution process. (*Id.*)

In their reply brief, Defendants argue that MTBE's administrative remedies are not exhausted. (Defs.' Reply Br. 5-8, ECF No. 8.) Defendants argue that one of the four exceptions apply, but MTBE has the burden to prove that exhaustion would be futile. (*Id.* at 6-7.) Defendants aver there is no dispute that MTBE has failed to exhaust its administrative remedies and fact issues remain. (*Id.* at 7-8.)

Defendants reply that no impartial hearing and ruling occurred and the matter does not concern V.L.'s alternate educational setting. (*Id.* at 5.) Defendants argue *Komninos by Komninos*

---

[2] 34 C.F.R. § 300.510(b)(4) provides, "If the [Local Education Agency ("LEA")] is unable to obtain the participation of the parent in the resolution meeting after reasonable efforts have been made (and documented using the procedures in § 300.322(d)), the LEA may, at the conclusion of the 30-day period, request that a hearing officer dismiss the parent's due process complaint."

*v. Upper Saddle River Board of Education* controls in this matter for the significance of administrative exhaustion. (*Id.* at 6 (citing 13 F.3d 775 (3d Cir. 1994)).) Defendants argue that the remaining fact issues and legal questions must be determined by the ALJ. (*Id.*)

### III. LEGAL STANDARD

When analyzing a Rule 12(b)(6) motion, the district court conducts a three-part analysis. First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). Second, the court must accept as true all of a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). The court, however, must disregard any conclusory allegations proffered in the complaint. *Id.* at 210-11. Finally, the court must determine whether the "facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679). "[W]here the well-pleaded facts do not permit the court to infer more than mere possibility of misconduct," the claim is insufficient. *Iqbal*, 556 U.S. at 679.

Under 20 U.S.C. § 1415(i)(2)(A), a party can bring an action before the federal court if the party is aggrieved by the "findings and decision made under subsection (f) or (k)." 20 U.S.C. § 1415. 20 U.S.C § 1415(f) allows a federal district court to hear a case only after a due process hearing has occurred. *Hopewell Valley Reg'l Bd. of Educ. v. J.R.*, No. 15-8477, 2016 WL 1761991, at *3 (D.N.J. May 3, 2016) ("[F]ederal courts are only provided with subject matter jurisdiction over civil actions concerning (1) the findings and decision issued by an ALJ *after a due process*

6

*hearing*, or (2) a decision of an ALJ which 'completely dismisses' the matter on motion.") (emphasis added) (citation omitted).[3]

## IV. ANALYSIS

### A. Due Process Hearing

Here, the ALJ has not conducted a due process hearing. The ALJ found that there was a dispute as to material facts and the matter was not ripe for a summary decision, so he ordered that a plenary hearing take place on August 6, 2018. (July Order 3; Defs.' Moving Br. 4.) Thus, the triggering event providing the Court jurisdiction to hear an appeal of the July Order has not occurred. In fact, MTBE's Complaint in the present action adjourned the due process hearing that was scheduled to occur less than two weeks after the filing date. Moreover, the ALJ did not "completely dismiss" the matter because there was a due process hearing scheduled. At bottom, MTBE's Complaint appears to be an objection to the wording of the July Order and the fact that it states that a broader scope of issues will be addressed during the due process hearing than what Judge Wolfson ordered when she remanded the matter for further consideration. Despite this broad language, MTBE has provided the Court with no authority suggesting that the Court has jurisdiction to hear the matter in its current procedural posture.

### B. Exhaustion & Futility

There are four exceptions that excuse a party from establishing exhaustion of administrative remedies. The four exceptions are whether: 1) "exhaustion would be futile or inadequate"; 2) "the issue presented is purely a legal question"; 3) "exhaustion would work severe

---

[3] The Third Circuit has advised that while the IDEA grants the district court subject matter jurisdiction over certain appeals, the IDEA is clear that plaintiffs should complete the administrative process before resorting to a review by the district court. *Komninos*, 13 F.3d at 778. District Courts should avoid premature intervention in the administrative process. *Id.* at 779.

7

or irreparable harm upon a litigant"; and 4) "exhaustion would not be necessary when an emergency situation exists." *Komninos*, 13 F.3d at 778 (internal quotations and citations omitted). MTBE argues it satisfies the first and second exceptions. The Court does not agree.

The Third Circuit found that exhaustion of administrative remedies was not required when either of two independent rationales apply. *W.B. v. Matula*, 67 F.3d 484, 496 (3d Cir. 1995). First, the Third Circuit held that "it would be futile . . . for plaintiffs to exhaust their administrative remedies because the relief sought . . . in this action was unavailable in IDEA administrative proceedings." *Id.* Second, the Third Circuit held that excusing exhaustion of administrative remedies was appropriate because "classification and placement have been resolved in the numerous proceedings before the ALJ" and "[t]he factual record has been developed." *Id.*

Applying the first rationale from *W.B.*, the futility exception does not apply. MTBE has not exhausted all administrative remedies as the ALJ set a hearing on the due process claim, but the hearing did not occur. The remedy MTBE seeks is available because the ALJ could determine Defendants' failure to participate means they should receive partial compensation or the matter should be dismissed.

Applying the second rationale from *W.B.*, the factual record in this case has not been fully developed, as the ALJ noted in his decision. In its opposition brief, MTBE argues that there are no questions of fact regarding this issue. The ALJ, however, stated there are questions of fact left in this case. Because the ALJ stated there are questions of fact left to be resolved, and MTBE did not state how the ALJ was incorrect in his finding, the Court will not intervene before the administrative process is complete. *Komninos*, 13 F.3d at 778.

The Court previously noted, in *R.C.S. ex rel. R.S. v. Shrewsbury Borough School District Board of Education*, that fellow district courts have narrowly construed the holding in *W.B.*

8

No. 12-7769, 2013 WL 4780498, at *4 (Sept. 5, 2013). Subsequently, the Court found the *Gutin v. Washington Township Board of Education* holding to be instructive.[4] No. 04-1947, 2007 WL 2139376 (D.N.J. July 23, 2007). In the instant matter, there is a remaining issue that has not been subject to administrative review and the compensatory education and reimbursement amount is pending before the ALJ. *Id.* at 429. The Court finds that the OAL is the proper body with the relevant expertise to resolve all remaining issues. *R.C.S. ex rel. R.S.*, 2013 WL 4780498, at *4 (citation omitted).

V. **CONCLUSION**

For the reasons set forth above, the Court grants Defendants' Motion to Dismiss. The Court will not intervene before the administrative process is complete.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

**Dated:** April 26, 2019

---

[4] Where all issues, other than monetary damages, have been decided in due process hearings, the plaintiff is not required to exhaust their administrative remedies. "That is not the case here. Accordingly, [*W.B.*] is inapplicable. . . ." *Gutin*, 2007 WL 2139376, at *3.